IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VERNON E. LEWIS | : | NO. 16-5169 |

## ORDER

**AND NOW**, this 2nd day of February, 2017, upon consideration of Plaintiff's "Motion for Service by Posting Property and Certified Mail" (Docket No. 2), **IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.[1]

---

[1] Plaintiff, the United States of America, commenced this action against Defendant Vernon E. Lewis, seeking payment on a defaulted student loan. Plaintiff asserts that it has been unable to effectuate service on Defendant and thus seeks permission to serve Defendant by certified first-class mail, and by posting the Summons and Complaint at Defendant's last known address.

In general, "[a]n individual may be served by either delivering the summons and a copy of the complaint personally to the defendant or leaving copies at the individual's dwelling or usual place of abode with someone of suitable age." United States v. Chhay, Civ. A. No. 15-2078, 2015 WL 5460640, at *1 (E.D. Pa. Sept. 17, 2015) (citing Fed. R. Civ. P. 4(e)). The Federal Rules of Civil Procedure also permit service of process pursuant to state law in the state in which the district court sits. Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 402(a) provides that original process may be effectuated by handing a copy to the defendant personally, to an adult family member at the defendant's residence, or to the defendant's agent at defendant's usual place of business. Pa. R. Civ. P. 402(a). When service cannot be made under the applicable rules, the Pennsylvania Rules provide that a "plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). "The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Id. To obtain such an alternative service order, the plaintiff must demonstrate that it made a "'good faith' effort to *locate*" the defendant. Calabro v. Leiner, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) (citations omitted). Such good faith efforts include "(1) inquiries of postal authorities . . . , (2) inquiries of relative, neighbors, friends, and employers . . . , and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records." Pa. R. Civ. P. 430(a), note.

Here, Plaintiff has submitted an affidavit of service stating that it attempted personal service at Defendant's last known address, but the current resident advised the process server that Defendant does not reside at the property. Plaintiff thereafter examined local telephone

2. Plaintiff may serve Defendant with the Summons and Compliant in Enforced Collections by posting a copy of the Summons and Complaint on the property of Defendant's last known address and by certified mail addressed to Defendant's last known address. Service shall be completed upon posting or upon mailing, whichever occurs later.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

directories and credit bureau reports, called possible relatives and acquaintances, and made inquiries with postal authorities, including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265. This investigation revealed two potential alternative addresses. However, when Plaintiff attempted to personally serve Defendant at those two alternative addresses, the current residents advised the process servers that Defendant did not live there.

Under these circumstances, we conclude that Plaintiff has made good faith and practical efforts to locate Defendant. We therefore grant Plaintiff's Motion for Alternative Service by posting the Summons and Complaint at Defendant's last known address, and sending a copy of the Summons and Complaint to that same address by certified mail.